UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LODGE AT SONTERRA, LTD., ET AL     *     CIVIL ACTION

VERSUS                              *     NO: 08-4716

THE PNC FINANCIAL SERVICES          *     SECTION: "D"(5)
GROUP, INC., ET AL

### ORDER AND REASONS

Before the court are the following motions:

(1) **Motion to Remand (Doc. No. 11)** filed by Plaintiffs, Lodge at Sonterra, Ltd. et al;

(2) **Motion to Remand (Doc. No. 12)** filed by ING Clarion Partners, L.L.C. and ING Clarion Capital, L.L.C. (ING Defendants); and

(3) **"Motion for Order Implementing Local Rule 83.4.1"** filed by Defendants, PNC Financial Services Group, Inc., PNC Bank, National Association and Midland Loan Services, Inc. (PNC Defendants), seeking to have this matter referred to the Bankruptcy Court.

The motions, set for hearing on Wednesday, December 17, 2008, are before the court on briefs, without oral argument. Now, having

considered the memoranda of counsel, the record, and the applicable law, the court rules.

## I.  Background

Plaintiffs are 23 limited partnerships and Edwin A. White, individually and purportedly "on behalf of the putative investors in Yellowstone Ranch Investments."  Defendants are Michael B. Smuck, the PNC Defendants and the ING Defendants.

Plaintiffs filed suit in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, alleging that the Partnership Plaintiffs were each formed to purchase individual apartment complexes in Texas, and that Plaintiff White was co-general partner and Defendant Smuck was managing co-general partner.  Plaintiffs also allege that "Defendant Smuck's MBS Management Services, Inc. managed and ran the Apartment Complexes; and that under this management, the Apartment Complexes were allowed to deteriorate, funds were misappropriated, and the value of the Apartment Complexes "dropped dramatically." (Petition at ¶¶ 7, 17-18).

Plaintiffs further allege that the PNC Bank provided the loans for the purchases of the apartment complexes and Midland Loan Services serviced the loans.  Defendants PNC and Midland allegedly became aware of the deterioration, waste and mismanagement of the apartment complexes and failed to take corrective action or notify

White.  "Due to PNC/Midland's concealment of this information, White and the investors he now represents in this matter agreed to acquire Yellowstone Ranch apartments with Smuck."  (Petition at ¶ 40).  "The Yellowstone funds collected were then misappropriated by Smuck and used to pay for his other investments and properties."  (*Id.* at ¶ 41).

**MBS Management Services, Inc. is not a named Defendant**, but is currently a Chapter 11 debtor in Bankruptcy Case No. 07-12151 in the United States Bankruptcy Court, Eastern District of Louisiana.  Plaintiff White has filed proofs of claim in this bankruptcy case relating to the allegedly misappropriated Yellowstone Ranch Investments.[1]

Plaintiffs' allegations against the ING Defendants relate solely to one limited partnership and apartment complex, known as Stone Lake.  (*Id.* at ¶¶ 57-70).  Plaintiffs allege wrongdoings of the ING Defendants as the "Special Servicer over the Stone Lake Apartments after the Stone Lake note was defaulted."  (*Id.* at ¶57).

The PNC Defendants removed the matter to this court pursuant

---

[1] Prior to filing this suit, Plaintiff White, individually and purportedly on behalf of some other investors in the Yellowstone Ranch property, filed suit in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, against Whitney National Bank.  Whitney removed that case to this court, No. 08-3129 (Judge Fallon) who referred it to the Bankruptcy Court having found that it was "related to *In re MBS Management Services, Inc.,* Case No. 07-12151, pending before the Bankruptcy Court for the Eastern District of Louisiana."  (No. 08-3189, Doc. No. 28).

The PNC Defendants claim that in No. 08-3129, Plaintiff White seeks to recover from Whitney the allegedly misappropriated Yellowstone Ranch investments, the same loss Plaintiff White now seeks to recover form the PNC Defendants in the instant suit, No. 08-4716.  (*See* PNC's Opp. Memo., Doc. No. 19 at p. 4).

to 28 U.S.C. §1334(b) and 1452(a), and they seek to have the matter transferred to the Bankruptcy Court.  Plaintiffs filed a motion to remand all claims, and the ING Defendants filed a motion to remand the claims asserted against them.  The PNC Defendants have no objection to the remand of Plaintiffs' claims against the ING Defendants.  (*See* PNC's Memo. in Opp. to Plaintiffs' Motion to Remand, Doc. No. 19 at p. 3).

## II.  Legal Analysis

Under 28 U.S.C. §1452(a), a state action may be removed "to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."  28 U.S.C. §1452(a).[2]  Under 28 U.S.C. §1334, district court has jurisdiction over the following four types of bankruptcy matters:

   (1)   "cases under title 11";

   (2)   "proceedings arising under title 11";

   (3)   proceedings "arising in" a case under title 11; and

   (4)   proceedings "related to" a case under title 11.

---

[2]   Under 28 U.S.C. §1452(b),

> The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground.

*In re Canion*, 196 F.3d 579, 584 (5th Cir. 1999).[3]

However, 28 U.S.C. §1334(c)(2) provides that:

> in a proceeding based upon a State law claim or State law cause of action, **related to** a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court **shall abstain** from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. §1334(c)(2)(emphasis added).

In their Motion to Remand, Plaintiffs argue that, at most, the claims asserted in their Petition are "related to" the bankruptcy of MBS Management Services, Inc., and thus the court must abstain from hearing this case and remand it to state court. The court agrees.

While Plaintiffs' **Yellowstone Ranch** claims are "related to"[4]

---

[3] As the Fifth Circuit instructs:

> The first category refers to the bankruptcy petition itself. The second, third, and fourth categories "operate conjunctively to define the scope of jurisdiction. Therefore, it is necessary only to determine whether a matter is at least 'related to' the bankruptcy." 28 U.S.C. §157 empowers district courts to refer such proceedings to the bankruptcy court....

*Canion*, 196 F.3d at 584.

[4] A proceeding is "related to" a bankruptcy "if the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Id*. at 585 (citation omitted).

the Chapter 11 bankruptcy case of MBS Management Services, Inc., they are not "core" matters, i.e., they do not rise under title 11 or arise in a case under title 11.[5]  The bankruptcy of MBS Management, Inc., who is not a Defendant in this suit, has no bearing on Plaintiff's state-law based claims asserted herein. And Plaintiff Edwin White's filing of a Proof of Claim in that bankruptcy proceeding does not make Plaintiffs' claims "core." Thus, there is no basis for federal jurisdiction independent of §1334(b) and Plaintiff's suit can be timely resolved in state court.  28 U.S.C. §1334(c); *In re Rupp & Bowman Co.*, 109 F.3d 237, 239 (5th Cir. 1997).

   Accordingly;

   **IT IS ORDERED** that the **Motion to Remand (Doc. No. 11)** filed by Plaintiffs, Lodge at Sonterra, Ltd. et al, be and is hereby **GRANTED**;

   **IT IS FURTHER ORDERED** that the **Motion to Remand (Doc. No. 12)** filed by ING Clarion Partners, L.L.C. and ING Clarion Capital,

---

> Proceedings "related to" the bankruptcy include (1) causes of action owned by the debtor which become property of th estate pursuant to 11 U.S.C. §541, and (2) suits between third parties which have an effect on the bankruptcy estate.

*Celotex Corp. v. Edwards*, 514 U.S. 300, 307 n. 5, 115 S.Ct. 1493, 1498-99 n. 5 (citation omitted).

   [5]   A non-exclusive listing of core proceedings is set forth in 28 U.S.C. §157(b)(2).

L.L.C. (ING Defendants) be and is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that the **"Motion for Order Implementing Local Rule 83.4.1"** filed by Defendants, PNC Financial Services Group, Inc., PNC Bank, National Association and Midland Loan Services, Inc. (PNC Defendants), seeking to have this matter referred to the Bankruptcy Court, be and is hereby **DENIED.**

New Orleans, Louisiana, this **17th** day of **December**, **2008**.

_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE